IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RICKY KOEHLER, AARON STEENSON,
and SALLY ENGELMANN, Individually
and on Behalf of All Others Similarly
Situated,

      Plaintiffs,

v.

KEHRER BROTHERS CONSTRUCTION,
INC., KEHRER BROTHERS WEST
ROOFING, INC., KEHRER BROTHERS
CONSTRUCTION OF TEXAS, LLC, KEHRER
BROTHERS ROOFING OF TEXAS, LLC,
KEHRER BROTHERS ROOFING OF DALLAS,
LP, KEHRER EXCAVATION & FARMS, INC.,
AKBT, INC., JOSEPH KEHRER, Individually
and as Managing Officer, Member or Partner
of Kehrer Brothers Construction, Inc., Kehrer
Brothers West Roofing, Inc., Kehrer Brothers
Construction of Texas, LLC, Kehrer Brothers
Roofing of Texas, LLC, Kehrer Brothers
Roofing of Dallas, LP, Kehrer Excavation &
Farms, Inc., and AKBT, Inc., and DAWN
KEHRER, Individually and as President,
Member of Partner of Kehrer Brothers
Construction, Inc., Kehrer Brothers West
Roofing, Inc., Kehrer Brothers Construction
of Texas, LLC, Kehrer Brothers Roofing of
Texas, LLC, Kehrer BrothersRoofing of Dallas,
LP, Kehrer Excavation & Farms, Inc., and
AKBT, Inc.,

      Defendants.                    No. 11-cv-837-DRH

<u>ORDER</u>

HERNDON, Chief Judge:

At issue here is whether plaintiffs, Ricky Koehler, Aaron Steenson, and Sally Englemann, individually and on behalf of all others similarly situated, have alleged enough in their complaint for their Illinois Wage Payment and Collection Act (the Wage Act) (820 ILCS 115/1 *et seq.* (2012)) and Illinois Minimum Wage Law (the Minimum Wage Law) (820 ILCS 105/1 *et seq.* (2012)) claims to survive defendants' motion to dismiss (Doc. 17).  For the reasons stated below, defendants' motion to dismiss (Doc. 17) is denied in part and granted in part.

## I. Background

On September 15, 2011, plaintiffs filed a putative class action suit  a g a i n s t defendants, alleging three counts: 1) violation of the Fair Labor Standards Act (29 U.S.C. § 201 *et seq.*); 2) violation of the Wage Act; and 3) violation of the Minimum Wage Law.  On January 27, 2012, defendants filed a motion to dismiss count II and III of plaintiffs' complaint for failure to state a claim upon which relief could be granted, or, in the alternative, motions for more definite statement as to all of plaintiffs' claims.  Plaintiffs filed a response (Doc. 24).

## II. Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted.  *Gen.  Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997).  To survive a motion to dismiss, a complaint must establish a plausible right to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The allegations of the complaint must be sufficient "to raise a

right to relief above the speculative level." *Id.*

In making this assessment, the district court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor.  See *Rujawitz v. Martin*, 561 F.3d 685, 688 (7th Cir. 2009); *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007), *cert. denied*, 553 U.S. 1032 (2008).  Even though *Twombly* (and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)) retooled federal pleading standards, notice pleading remains all that is required in a complaint: "A plaintiff still must provide only 'enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief.'"  *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).  It is well settled that in deciding a motion to dismiss, a court may consider documents attached to the motion to dismiss if they are referred to in plaintiff's complaint and are central to his claim.  *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) (quoting *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994)).

### III.  Analysis

*A.  Count II: The Wage Act*

In defendants' first point, defendants argue that plaintiffs' Wage Act claim should be dismissed because plaintiffs fail to plead the existence of an employment agreement or contract that provides for the compensation sought. Plaintiffs contend that defendants have ignored the numerous and explicit

allegations in the complaint that plaintiffs were employed by defendants under an employment agreement.

"[F]or a person to state a claim under the Wage Collection act, he or she must plead that wages or final compensation is due to him or her as an employee from an employer under an employment contract or agreement." *Landers-Scelfo v. Corporate Office Sys., Inc.*, 827 N.E.2d 1051, 1058 (Ill. App. Ct. 2005) (citing 820 ILCS 115/2, 3, 5)). The Wage Act "requires a right to compensation pursuant to an employment contract or agreement." *Stark v. PPM Am., Inc.*, 354 F.3d 666, 672 (7th Cir. 2004) (citing 820 ILCS 115/2)). "An employment agreement need not be a formally negotiated contract." *Landers-Scelfo*, 827 N.E.2d at 1059. "'[A]n "agreement" is broader than a contract and requires only a manifestation of mutual assent on the part of two or more persons; parties may enter into an "agreement" without the formalities and accompanying legal protections of a contract.'" *Id.* (quoting *Zabinsky v. Gelber Group, Inc.*, 807 N.E.2d 666 (Ill. App. Ct. 2004)). "[B]ecause an employment agreement can be entirely implicit, alleging that an entity paid a worker according to a demonstratable formula for work done is sufficient to raise an inference that the entity and the worker had an employment agreement that embodied the formula." *Landers-Scelfo*, 827 N.E.2d at 1058.

In plaintiffs' complaint, plaintiffs alleged that they were employed by defendants as non-exempt roofing laborers who were paid an hourly rate. Further, plaintiffs alleged that defendants managed all aspects of plaintiffs' work,

including the amount of hours worked, types of work performed, and location of work performed, and that defendants further dictated, controlled and ratified all compensation policies, including hours worked by plaintiffs and wages paid to plaintiffs.  Additionally, plaintiffs asserted that pursuant to their common scheme, defendants caused plaintiffs to work unpaid straight time and overtime, followed by plaintiffs setting forth a number of specific examples of the alleged scheme. Plaintiffs claimed that defendants furthered their scheme by failing to accurately record actual time worked by plaintiffs, and that defendants were aware at all times that plaintiffs performed work for which they were not compensated and knowingly and willfully refused to compensate plaintiffs for all work they performed and were required to perform, including pre and post-shift work. Specifically, with regard to the Wage Act claim, plaintiffs alleged that defendant violated § 4 of the Wage Act "by failing and refusing to pay [p]laintiffs at their previously agreed upon rates of pay, including overtime wages, for all work required and actually performed during the applicable statutory period, including pre and post-shift work previously described and mandatory travel time, and by failing and refusing to reimburse [p]laintiffs for necessary and incidental expenses incurred by [p]laintiffs in the furtherance of their employment by [d]efendants."

At issue here is whether plaintiffs adequately pleaded that they had an employment agreement with defendants.  Accepting as true all of plaintiffs well-pleaded factual allegations and drawing all reasonable inferences as true, *Rujawitz*, 566 F.3d at 688, the Court finds that plaintiffs have established a

plausible right to relief and have alleged, at a minimum, enough to at least infer an employment agreement or contract.  See *Landers-Scelfo*, 827 N.E.2d at 1059-60. By alleging that defendants refused to pay plaintiffs according to previously agreed upon rates, including overtime, their was at least implicitly an employment agreement between the parties .  Defendants cannot seriously dispute this. Accordingly, defendants' motion to dismiss count II is denied.

*B.  Count III: The Minimum Wage Law*

In defendants' second point, defendants contend that plaintiffs' Illinois Minimum Wage Law claim should be dismissed because plaintiffs fail to plead that their weekly wage loss was less than their hours worked, multiplied by the applicable minimum wage.  In support, defendants primarily rely on the federal district court case, *Nicholson v. UTI Wolrdwide, Inc.*, No. 09-cv-722 (S.D. Ill. Feb. 12, 2010).  Plaintiffs respond, by contending, that again, defendants have ignored the explicit allegations set forth in the complaint.

"The Minimum Wage Law contains a 'Legislative Policy' provision which provides, in part, that: 'it is the policy of this Act to establish a minimum wage standard for workers at a level consistent with their health, efficiency and general well-being; to safeguard such minimum wage against the unfair competition of wage and hour standards which do not provide such adequate standards of living; and to sustain purchasing power and increase employment opportunities.'" *Kerbes v. Raceway Assocs., LLC*, 961 N.E.2d 865, 869 (7th Cir. 2011) (quoting 820 ILCS 105/2 (West 2010)).  "As such, the Minimum Wage Law further provides

that it is 'against public policy for an employer to pay his employees an amount less than that fixed by this Act.'" *Kerbes*, 961 N.E.2d at 869 (quoting 820 ILCS 105/2 (West 2010)).  In determining whether an employer violated the Minimum Wage Law, one needs to know the total number of hours a plaintiff had to work and the total amount of compensation paid to the plaintiff.  *Robbins v. City of Madison*, 549 N.E.2d 947, 950 (Ill. App. Ct. 1990).  The Minimum Wage Law  also contains an overtime provision.  Specifically,§ 4a of the Minimum Wage Law provides that "no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less and 1 ½ times the regular rate at which he is employed."  820 ILCS 105/4a.

In count III, plaintiffs adopted and re-alleged the same allegations set forth above in count II with the exception of the facts alleged specifically with regard to the Wage Claim Act, and also specifically claimed the following:

41.  Due to [d]efendants' failure and refusal to pay [p]laintiffs for all work required and actually performed, including pre and post-shift work previously described and mandatory travel time, and [d]efendants' failure and refusal to reimburse [p]laintiffs for necessary and incidental expenses incurred by [p]laintiffs in the furtherance of their employment by [d]efendants, [d]efendants violated §4 of the [the Minimum Wage Law] by failing to pay [p]laintiffs the minimum wage provided by law for all work performed by [p]laintiffs during the applicable statutory period.

42.  Further, due to [d]efendants' failure and refusal to pay [p]laintiffs for all work performed and [d]efendants' failure to accurately record actual time worked by [p]laintiffs, [d]efendants failed to accurately compute the number of overtime hours worked by [p]laintiffs and failed and refused to pay [p]laintiffs proper and adequate overtime wages during the applicable statutory period at a

rate not less than of one and one-half times their regular rate for all hours worked in excess of forty hours in violation of §4a of the [the Minimum Wage Law].

The Court initially notes that a district court decision does not have stare decisis effect. *Midlock v. Apple Vacations W., Inc.*, 406 F.3d 453, 457-58 (7th Cir. 2005) (collecting cases).  Nevertheless, "[i]t may be a wise, well-reasoned decision that persuades by the quality of its reasoning, but in that respect it is no different from a persuasive article or treatise." *Id.*  With those principles in mind, the Court will consider the *Nicholson* case cited by defendant.[1]

In *Nicholson*, the plaintiff filed a complaint against his employer for, among other things, failure to pay regular and overtime wages in violation of the Illinois Minimum Wage Law.  The defendants filed a motion to dismiss the plaintiff's Illinois Minimum Wage Law claims on the ground that the plaintiff had failed to plead sufficient facts to state a cause of action under *Twombly*, 550 U.S. at 555, and *Ashcroft,* 129 S.Ct. at 1949.  In the plaintiff's complaint, the plaintiff alleged that he was an hourly paid forklift operator for defendants.  The plaintiff claimed

---

[1]The Court also notes that pursuant to its *Case Management Procedures* "[w]hen parties or attorneys feel compelled to cite other federal trial courts as authority for a particular proposition of law, despite the complete lack of precedential authority thereof, the name of the trial judge whose order is cited should be included with the citation."  Chief Judge David R. Herndon Case Management Procedures, p. 2 (available at http://www.ilsd.uscourts.gov/documents/Herndon.pdf).  "Furthermore, the exact purpose in citing the case should be included since it is presumed that it is not cited as binding precedent on this Court."  *Id.*  "If a subsequent Seventh Circuit opinion, for example, relies upon the case for a reason pertinent to the action at bar, this Court should be so advised."  *Id.*

that during his employment, defendants required he and other forklift operators to work before their shifts began and during unpaid lunch breaks.  He gave no estimate of the magnitude or frequency of the time he worked outside of his paid shift or his wage rate at the relevant times.

The district court found that the plaintiff's complaint gave the defendants fair notice of his unpaid overtime claims and suggested that the plaintiff was entitled to relief.  The court noted that "[a]lthough he does not specifically allege he worked more than forty hours in one week, he alleges he worked 'overtime.'" Viewing that allegation in the plaintiff's favor and in the context of pleading, the court construed that to mean more than forty hours a week.  As for the plaintiff's claim for failure to pay minimum wage, however, the court found that the plaintiff had not plead facts that suggested defendants violated the law because "[s]imply pleading that he has worked overtime or time off the clock is not sufficient to plausibly suggest his weekly wage was less than his hours worked multiplied by the applicable minimum hourly wage."  Accordingly, the court dismissed the plaintiff's minimum wage claim without prejudice.

Here, plaintiffs appear to be a claiming that they were not paid the minimum wage and also that they were not properly paid overtime.  Like in *Nicholson*, however, plaintiffs have alleged that they worked "overtime," but they have failed to allege the number of hours worked and total amount paid needed to determine whether plaintiffs were paid less than the minimum wage.  See *Robbins*, 549 N.E.2d at 950 ("Plainitff, however, nowhere alleges what his hourly

rate was or how many hours he worked in the alarm department, and his complaint contains nothing which suggests the *overall* wage rate he would have received from the city would have below that set forth in the Minimum Wage Law [citation]."). Thus, the Court finds that plaintiffs have established a plausible right to relief for its overtime claims under the Minimum Wage Law, but have failed to to do so with regard to its claims that they were paid less than the minimum wage. Accordingly, defendants' motion to dismiss count III is denied in part and granted in part, without prejudice. To the extent plaintiffs are claiming they were paid less than the minimum wage, plaintiffs are given leave to file an amended complaint within fourteen days of the date of this order.

### IV. Conclusion

For the reasons stated above, the Court denies in part and grants in part defendants' motion to dismiss (Doc. 17).

**IT IS SO ORDERED.**

**Signed this 20th day of August, 2012.**

Digitally signed by
David R. Herndon
Date: 2012.08.20
16:27:19 -05'00'

**Chief Judge**
**United States District Court**